IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LEONARD ROGERS                                                          PLAINTIFF

v.                                    CASE NO. 1:18-CV-01020

SOUTHERN DESIGN AND MECHANICAL,
INC.; GRACO, INC; NIBCO, INC.;
PARKER-HANNIFIN CORPORATION;
JOHN DOES III-X                                                       DEFENDANTS

PARKER-HANNIFIN CORPORATION                              CROSS-CLAIMANT

v.

GRACO, INC; NIBCO, INC.; SOUTHERN
DESIGN AND MECHANICAL, INC.                            CROSS-DEFENDANTS

SOUTHERN DESIGN AND MECHANICAL, INC.                    CROSS-CLAIMANT

v.

GRACO, INC.                                              CROSS-DEFENDANT

## ORDER

Before the Court are Plaintiff's Motion to Remand (ECF No. 27) and Motion to Remand

as to Nibco, Inc.'s Amended Notice of Removal. ECF No. 39. Separate Defendant Nibco, Inc.

(hereinafter "Nibco") has filed responses to both motions. ECF Nos. 36, 41. Plaintiff has filed

replies to Nibco's responses. ECF Nos. 38, 44. The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiff filed his original complaint against ten John Doe defendants on June 25, 2015, in

the Circuit Court of Union County, Arkansas. ECF No. 1-3, p. 1. In his initial complaint, Plaintiff

alleged that while working for Chemtura Corporation, doing business as Great Lakes Chemical

Corporation, a pneumatic pump malfunctioned and caused him to be exposed to bromine, causing severe chemical burns. On February 1, 2016, Plaintiff filed an Amended Complaint (hereinafter "First Amended Complaint"), asserting that Separate Defendant Graco, Inc. (hereinafter "Graco") was the manufacturer and assembler of the pneumatic pump at issue and that Separate Defendant Southern Design and Mechanical, Inc. (hereinafter "Southern Design") sold the pneumatic pump to Great Lakes Chemical Corporation. ECF No. 1-3, pp. 7, 10. Plaintiff states that Graco is incorporated under Minnesota law and that Graco maintains its principal place of business in Minnesota. ECF No. 1-3, p. 7, ¶ 6. Plaintiff further states that Southern Design was incorporated in Arkansas and maintains its principal place of business in Arkansas. ECF No. 1-3, p. 7, ¶ 5. Plaintiff alleged causes of action for negligence, strict liability, breach of implied warranty of merchantability, and breach of warranty for a particular purpose.

On April 11, 2017, Plaintiff filed a Second Amended Complaint which included Graco and Southern Design as defendants and also added Nibco and Separate Defendant Parker-Hannifan Corporation (hereinafter "Parker-Hannifan") as defendants. ECF No. 1-3, p. 47. The Second Amended Complaint alleged that Nibco and Parker-Hannifan designed, manufactured, distributed, and/or sold various components that were used on or in conjunction with the pneumatic pump at issue. ECF No. 1-3, p. 50. Plaintiff alleges that Nibco was incorporated in Indiana.[1] ECF No. 1-3, p. 48, ¶ 8. Plaintiff further states that Parker-Hannifan was organized under the laws of Ohio.[2] ECF No. 1-3, p. 49, ¶ 9.

---

[1] Plaintiff does not explicitly state where Nibco maintains its principal place of business, however Nibco states that its principal place of business is located in Elkhart, Indiana. ECF No. 1, ¶ 11.

[2] Plaintiff does not explicitly state where Parker-Hannifan maintains its principal place of business, however Nibco states that its principal place of business is located in Cleveland, Ohio. ECF No. 1, ¶ 12.

On March 14, 2018, Nibco removed this action from the Union County Circuit Court on the basis of diversity jurisdicition. ECF No. 1. Nibco asserts that the only non-diverse defendant— Southern Design—was fraudulently joined and that, therefore, this Court has diversity jurisdiction. ECF No. 1, ¶ 8. On March 30, 2018, Plaintiff filed the instant Motion to Remand. ECF No. 27. Plaintiff asserts that the Notice of Removal was untimely and that Southern Design was not fraudulently joined and that, accordingly, this Court lacks jurisdiction. On April 6, 2018, Nibco filed, without leave of Court, an Amended Notice of Removal re-asserting that removal was timely, but in the alternative that the time limit for removal on the basis of diversity is inapplicable because Plaintiff acted in bad faith to prevent timely removal. ECF No. 29, ¶ 29. On April 17, 2018, Plaintiff filed the instant Motion to Remand as to Nibco, Inc.'s Amended Notice of Removal, reasserting the arguments made in his initial Motion to Remand and further denying Nibco's contention that he acted in bad faith. ECF No. 39. Plaintiff further argues that the Amended Notice of Removal was not properly brought before the Court and therefore should not be considered.

## LEGAL STANDARD

"Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "The proponents of federal jurisdiction bear 'the burden to establish federal subject matter jurisdiction,' and 'all doubts about federal jurisdiction must be resolved in favor of remand.'" *Moore v. Kan. City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016) (quoting *Cent. Iowa Power Coop.*, 561 F.3d at 912).

Under 28 U.S.C. § 1446(b)(1), a notice of removal must "be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based[.]" If an action is not initially removable under § 1446(b)(1),

"a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C § 1446(b)(3). However, "a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

## DISCUSSION

The Court will first determine whether Nibco's removal of this matter was timely and then, if necessary, address the issue of fraudulent joinder.

## I. Timeliness of Removal

Plaintiff contends that this action was commenced on June 25, 2015—the date on which the initial complaint was filed against John Doe defendants. Accordingly, Plaintiff argues that the one-year period for removal based on diversity expired on June 25, 2016, and, therefore, Nibco's removal on March 14, 2018, was untimely. Alternatively, Plaintiff argues that at the very latest, this action commenced on February 1, 2016, when he filed his First Amended Complaint, and that Nibco's removal is untimely based on that date.

In response, Nibco asserts that this case was timely removed because it was removed within one year of the date on which Nibco was added as a Defendant on April 11, 2017. Alternatively, Nibco asserts that Plaintiff acted in bad faith to prevent removal and that, therefore, the one-year removal bar is inapplicable.

The Court will first determine whether the instant matter was removed within the requisite one-year period and then, if necessary, whether Plaintiff acted in bad faith to prevent removal so as to render the one-year bar inapplicable.

**A. One-Year Period for Removal**

The language of 28 U.S.C. § 1446(c)(1) makes clear that, absent a finding of bad faith, cases can only be removed on diversity grounds if removed within one year of the date the case commenced. The issue of when an action is "commenced" for purposes of 28 U.S.C. § 1446(c)(1) is governed by state law. *See Livaudais v. Johnson & Johnson*, 2017 WL 3034701, *2 (E.D. Mo. July 18, 2017). Under Arkansas law, an action is commenced when a complaint is filed. *See* Ark. R. Civ. P. 3(a) ("A civil action is commenced by filing a complaint with the clerk of the court[.]"); *see also Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 774 ("Reece commenced this case on October 15, 2010, by filing a complaint in Arkansas state court."). However, in order to secure this commencement date, a plaintiff must comply with the service time-limits of Arkansas Rule of Civil Procedure 4. *Wright v. Sharma*, 956 S.W.2d 191, 192 (Ark. 1997); *see Maestri v. Signature Bank of Ark.*, 2013 Ark. App. 174, 2013 WL 1007395 ("effectiveness of the commencement date is dependent upon obtaining service of the summons and complaint within 120 days of filing the complaint." Citing Ark. R. Civ. P. 4(i)). Furthermore, amended pleadings do not commence a new civil action.[3] *Staggs v. Union Pacific R. Co.*, 2011 WL 335671, *2 (E.D. Ark. Jan. 28, 2011) (citing *Weekley v. Guidant Corp.*, 392 F. Supp. 2d 1066, 1067-68 (E.D. Ark. 2005)).

---

[3] Nibco relies on the Eighth Circuit's ruling in *Plubell v. Merck & Co., Inc.*, 434 F.3d 1070 (8th Cir. 2006), for the proposition that the Court should decide whether the Second Amended Complaint relates back to Plaintiff's earlier pleadings to determine when the lawsuit was commenced. The Court finds Nibco's arguments on this point unpersuasive. Although *Plubell* did concern the issue of commencement, it was dealing with whether removal was proper under the Class Action Fairness Act and did not discuss commencement for the purposes of 28 U.S.C. § 1446(c)(1). Further, Nibco has not cited a case, and the Court is not aware of any, applying *Plubell* to determine when an action commenced for purposes of 28 U.S.C. § 1446(c)(1). Therefore, the Court is not convinced that *Plubell*

In the case at bar, the record reflects that Plaintiff filed his initial complaint against John Doe defendants on June 25, 2015, and thereafter filed his First Amended Complaint against Southern Design and Graco on February 1, 2016. Plaintiff subsequently filed a Second Amended Complaint against Nibco and Parker-Hannifan on April 11, 2017. Accordingly, the Court must determine which of these complaints commenced the present action for the purposes of 28 U.S.C. § 1446(c)(1).

As noted above, in order to commence a suit on the date the complaint is filed, the plaintiff must comply with the service time limits of Arkansas Rule of Civil Procedure 4. Plaintiff named only John Doe defendants in his initial complaint. Although the parties do not discuss this issue, the Court notes that ARCP 4(i)—the rule governing time limits for service of process—explicitly states that it "shall not apply . . . to complaints filed against unknown tortfeasors." Ark. R. Civ. P. 4(i)(3). Accordingly, it is unclear whether Plaintiff's initial complaint was sufficient to commence this action so as to trigger the one-year bar of 28 U.S.C. § 1446(c)(1).

As for Plaintiff's First Amended Complaint, there is no indication or argument that Plaintiff failed to properly serve Southern Design or Graco, the two Defendants named in that complaint. Accordingly, it appears that, in the very least, Plaintiff commenced the present case for purposes of 28 U.S.C. § 1446(c)(1) on February 1, 2016. Further, Plaintiff's subsequent filing of his Second Amended Complaint, adding Nibco and Parker-Hannifan, did not re-start the one-year period. *See, e.g.*, *Scafer v. Bayer Cropscience LP*, 2010 WL 1038518 (E.D. Ark. March 19, 2010) (finding that the one-year time bar began to run when the initial complaint was filed, not when an amended complaint later added a new defendant). Therefore, the Court finds that, at the latest, this action

---

controls this issue and declines Nibco's invitation to hold that the reasoning of *Plubell* extends to the issue of commencement under 28 U.S.C. § 1446(c)(1).

was commenced for purposes of 28 U.S.C. § 1446(c)(1) on February 1, 2016. With that in mind, it is clear that Nibco's March 14, 2018, Notice of Removal and April 6, 2018, Amended Notice of Removal were filed more than a year after the commencement of this action.

## B. Bad Faith

Having found that Nibco's notices of removal were filed more than a year after this action commenced, the Court must now determine whether the bad faith exception to 28 U.S.C. § 1446(c)(1) applies.

Nibco asserts that Plaintiff acted with bad faith to prevent Nibco from timely removing this matter. Although Nibco recognizes that this Court has noted that "it is far from clear that the 'bad faith' and 'fraudulent joinder' standards are one and the same,"[4] it argues that "[P]laintiff's fraudulent joinder of Southern Design is certainly some evidence of bad faith on the [P]laintiff's part." ECF No. 37, p. 12. Nibco further argues that bad faith is evidenced by the fact that Plaintiff filed a complaint solely against John Doe defendants "when he had no legal basis, such as an impending statute of limitations, to file such a complaint." ECF No. 37, p. 12; ECF No. 42, p. 14. Nibco asserts that in filing his initial complaint, Plaintiff violated the applicable John Doe statute[5]

---

[4] *Bajaba, LLC v. Gen. Steel Domestic Sales, LLC*, 4:14-cv-4057, 2014 WL 5363905, * 2 (W.D. Ark. Oct. 21, 2014).
[5] Nibco asserts that the John Doe statute "specifically provides that such a complaint may be filed *only* for the purposes of tolling the statute of limitations." ECF No. 42, p. 14 (emphasis added and internal quotation marks omitted). The statute at issue provides, in relevant part, that: "[f]or the purposes of tolling the statute of limitations, any person, firm, or corporation may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown." Ark. Code Ann. § 16-56-125(a). Although the statute clearly states that a plaintiff may file a John Doe complaint to toll the applicable statute of limitations, the statute does not state that tolling is the only acceptable reason for filing a John Doe complaint and Nibco cites no caselaw to support that contention. Further, Nibco cites no authority outside the statute itself to support its argument that filing a John Doe complaint for a purpose other than tolling is a "violation" of the statute. Finally, the Court is unsure what Nibco means when it says there was no "impending limitations deadline." There appears to be no assertion that the applicable state law statute of limitations was somehow being tolled or that it otherwise did not apply. Nibco may mean that the statute of limitations period was not soon to expire, but Ark. Code Ann. § 16-56-125 does not contain any provision that a John Doe complaint may only be filed at or near the expiration of the applicable statute of limitations and Nibco has not cited any authority stating otherwise.

because there was no "impending limitations deadline." ECF No. 42, p. 14. Likewise, Nibco asserts that Plaintiff's failure to name any of the present Defendants until seven months after filing his initial complaint "indicates that, at the time of filing his John Doe complaint, [P]laintiff had not done enough investigation to identify even one potential defendant, let alone satisfy his other obligations under Rule 11 of the Arkansas Rules of Civil Procedure." ECF No. 42, p. 15. Nibco also claims bad faith is shown in that Plaintiff did not name Nibco as a Defendant for almost two years "despite the fact that Nibco's name is clearly printed and visible on the outside of its valve." ECF No. 37, p. 13.

In response to Nibco's bad faith arguments, Plaintiff first notes that in his initial complaint, he stated that he was filing the complaint "in order to conduct discovery, if necessary, as to allegations of negligence against various individuals and a corporation." ECF No. 1-3, p. 2. Plaintiff notes that the pump at issue was not in his possession and that he served subpoenas on his employer and his employer's outside counsel "so that he could learn details of the incident in which he was injured, including relevant [manufacturers] and suppliers of the products" involved. ECF No. 44, p. 5. Likewise, Plaintiff asserts that he named Southern Design as a defendant only after he received a letter with an enclosed purchase order from his employer's associate general counsel that indicated that Southern Design provided the pump at issue to his employer.[6] Plaintiff notes that he has continued to pursue his claims against Southern Design. Plaintiff further states that he added Nibco as a defendant when he received information from his expert witness concerning defects in the pump components.

---

[6] These documents indicated that the pump was made by Graco.

8

Upon consideration, the Court finds Nibco's arguments on this issue speculative and unpersuasive. Based on the record, it appears that Plaintiff filed his initial John Doe complaint before he had access to the pump at issue and when he was unaware of the identities of the party or parties that may be liable for his alleged damages. Likewise, it appears that Plaintiff formed a reasonable belief, based on information provided to him by his employer, that he may have colorable claims against Southern Design. Further, the record reflects that Plaintiff has continued to pursue his claims against Southern Design, filing a response in opposition to Southern Design's currently pending Motion for Summary Judgment and conducting significant discovery in relation to Southern Design. See ECF No. 17, ¶ 3 (Southern Design's Motion for Summary Judgment, noting that 19 depositions and "extensive written discovery" had been conducted.). Furthermore, although Plaintiff did not file his Second Amended Complaint until April 11, 2017, the Court finds no indication that this was somehow meant to avoid removal by Nibco or otherwise done in bad faith. The fact that Plaintiff may have known that Nibco was involved with the production of some component of the pump at issue because Nibco's name is visible on that component does not mean that Plaintiff believed he had a colorable claim against Nibco at that time.

Accordingly, the Court finds that there is no indication of bad faith so as to make the one-year time bar to removal based on diversity inapplicable. Therefore, as Nibco has failed to establish that Plaintiff acted in bad faith and, in light of the fact all doubts as to removability are to be resolved in favor of remand, the Court finds that Nibco's removal of this action was untimely and that remand is appropriate. Having found that the removal of this action was untimely, and that remand is appropriate, the Court need not address the issue of fraudulent joinder.

## II. Attorney's Fees and Costs

Plaintiff asserts that he is entitled to an award of fees and costs incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "A district court has considerable discretion in determining whether to award attorney's fees pursuant to 28 U.S.C. § 1447(c)." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 482 (8th Cir. 2015) (internal quotation omitted). The standard for awarding fees turns on the reasonableness of removal and generally courts may award fees and costs "under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 483 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Fees and costs should be denied where an objectively reasonable basis exists. *Id*.

Upon consideration, the Court finds that an award of fees and costs is not warranted in the present case. Based on the Court's review of the parties' briefing and current case law, it appears that the Eighth Circuit has not definitively spoken as to when an action commences for purposes of 28 U.S.C. § 1446(c)(1). *See Vasser v. Sowell*, 2018 WL 3639834, * 2 (W.D. Mo. July 31, 2018) (noting that the Eighth Circuit has not addressed the issue of when an action commences so as to "start the clock for 28 U.S.C. § 1446's one-year limitation."). Likewise, it appears that the majority of the opinions discussing this issue are unpublished. Accordingly, although, as reflected above, district courts have found that the one-year period for removal begins when a state court action is filed, the Court cannot say that Nibco lacked an objectively reasonable basis for seeking removal.

Therefore, the Court finds that Plaintiff is not entitled to an award of fees and costs pursuant to 28 U.S.C. § 1447(c).

**CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff's Motion to Remand (ECF No. 27) and Motion to Remand as to Nibco, Inc.'s Amended Notice of Removal (ECF No. 39) should be and hereby are **GRANTED**. Therefore, the Court finds that this matter should be and hereby is immediately remanded to the Circuit Court of Union County, Arkansas, for proper adjudication of the issues in this case.

**IT IS SO ORDERED**, this 21st day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge